IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JANUARY 1997 SESSION

FILED

May 19, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | |
| | ) | No. 02-C-01-9604-CR-00112 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Joseph B. Brown, Jr., Judge |
| | ) | |
| | ) | (Sentencing) |
| CHRISTOPHER A. PRENTISS, | ) | |
| | ) | |
| APPELLANT. | ) | |

FOR THE APPELLANT:

Terry D. Smart
Attorney at Law
371 Carroll Avenue
Memphis, TN 38105

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Clinton J. Morgan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

John W. Campbell
Assistant District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Christopher A. Prentiss, (defendant), was convicted of vehicular homicide, a Class C felony, leaving the scene of an accident involving death, a Class E felony, and driving a motor vehicle after revocation of license, following his pleas of guilty to these offenses. The trial court imposed the following sentences pursuant to the plea bargain agreement between the State of Tennessee and the defendant: a fine of $500 and confinement for three (3) years in the Shelby County Correctional Center for vehicular homicide; confinement for one (1) year in the Shelby County Correctional Center for leaving the scene of an accident involving death; and a fine of $150 for driving after the revocation of driver's license. The sentences are to be served concurrently.

There was no agreement regarding alternative sentencing. A sentencing hearing was conducted. The trial court refused to impose an alternative sentence. Thus, the defendant raises the following issues for review:

> I. The trial judge erred in not considering sentencing principles and all relevant facts and circumstances in determining the manner of service of defendant's sentence[s].

> II. Whether the manner of service of the sentence[s] imposed by the trial court [are] appropriate.

After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this Court the judgment of the trial court should be affirmed.

The defendant was 28 years of age when he was sentenced. He left school in the ninth grade. He made an effort to obtain a GED, but he failed the test. He was living with his parents. He was employed by a farm equipment company in the parts department. He has a prior conviction for driving without a license.

On the evening of September 24, 1993, the defendant visited his girlfriend in a trailer park in Millington. When an argument ensued between the defendant and his girlfriend, the defendant left the trailer at a high rate of speed. Witnesses estimated the defendant reached a speed of sixty miles per hour in a thirty mile per hour speed zone. The defendant struck the victim, a child three and one-half years of age. The impact

knocked the child approximately 168 feet. The defendant did not stop after striking the child.

The defendant went to the Millington Police Department approximately two hours after striking the child. The officers observed that the defendant had been drinking. The defendant refused to submit to a chemical breath test or field sobriety tests. Two officers expressed the view the defendant's ability to operate a motor vehicle was not impaired.

The trial court refused to impose an alternative sentence. The court found the defendant was less than candid when he testified at the sentencing hearing, and confinement was necessary to avoid depreciating the seriousness of the offenses. The court also noted the defendant was not serious regarding the remorse he expressed. The defendant testified how the incident had affected him. The defendant did not offer to make restitution.

This Court has conducted a de novo review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). Before an accused is entitled to relief, the accused has the burden of overcoming the presumption of correctness. In this case, the defendant has failed to overcome the findings of the trial court.

The defendant's lack of candor at the sentencing hearing is sufficient to justify the denial of an alternative sentence. State v. Chrisman, 885 S.W.2d 834, 840 (Tenn. Crim. App.) per. app. denied (Tenn. 1994); State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). In vehicular homicide cases, the avoidance of depreciating the seriousness of the offenses is a valid consideration. Thus, the trial court in the exercise of its discretion properly refused to grant an alternative sentence.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
        PAUL G. SUMMERS, JUDGE

                                    4


_____
        DAVID G. HAYES, JUDGE